**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

AMANDA PATTERSON, individually, and
ROBERT E. TARDIFF, Trustee,

        Plaintiff,

v.

ELTMAN, ELTMAN, & COOPER, P.C.,

        Defendant.

Case No. 2:10-cv-_____

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW AMANDA PATTERSON, individually, and ROBERT E. TARDIFF, Trustee ("Plaintiff")[1], by and through undersigned counsel, and files this Complaint against ELTMAN, ELTMAN, & COOPER, P.C. ("Defendant") and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 *et seq.* of the Florida Statutes, in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

---

[1] All references to "Plaintiff" include and refer to all Plaintiffs in a case filed jointly by two or more parties.

## PARTIES

4.  Plaintiff Amanda Patterson ("Patterson") is a natural person who resides in Charlotte County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Section 559.55(2), Fla. Stat.

5.  Plaintiff Robert E. Tardif ("Trustee") is the Trustee of Amanda Patterson's Chapter 7 Bankruptcy Estate created when Patterson filed bankruptcy on August 11, 2010 in the Middle District of Florida, Case Number 9:10-bk-10347-DHA. Trustee is an interested Plaintiff to the extent that these claims arise pre-petition and are thus property of the estate to the extent not exempted.

6.  Defendant is New York professional corporation operating from an address of 140 Broadway, New York, NY 10005, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Section 559.55(6).

## FACTUAL ALLEGATIONS

7.  On or around October 8, 1999, Plaintiff allegedly incurred an ongoing financial obligation to Household Bank that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat., namely, a debt to pay for a consumer credit card, account number ending in 5615, in the approximate amount of $4,306.41.

8.  In 2005, CACV of Colorado ("CACV") sued Plaintiff on the alleged debt and obtained a Florida State Court judgment against Plaintiff on June 8, 2005 in the amount of $5,047.05 with an interest rate of 7% in the County Court for the Twentieth Judicial Circuit in and for Charlotte County, Florida, Case Number 05-235-SP ("Lawsuit"). SEE JUDGMENT ATTACHED HERETO AS EXHIBIT 1.

9.    On or about July 21, 2005, CACV obtained a writ of execution from the State Court.

10.   Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant and/or others for collection from the Plaintiff.

11.   After 2005, no substantive collection action was taken against Plaintiff on this debt until on or about August, 2010 when Defendant contacted Plaintiff by letter threatening to take her car ("Letter"). SEE LETTER ATTACHED HERETO AS EXHIBIT 2.

12.   On the face of the letter, Defendant misrepresents the plaintiff in the Lawsuit as Merriman Investments, LLC rather than CACV.

13.   Following receipt of the letter, Plaintiff called Defendant.

*Defendant's Misrepresentations and Unauthorized Practice of Law*

14.   Upon being advised her car was to be taken, Plaintiff asked what she could do to prevent same from occurring. Defendant replied "nothing, you have no rights. The only thing you can do is pay."

15.   Plaintiff in fact had numerous rights such as claiming exemptions on the vehicle and filing bankruptcy to avoid the judgment lien on the vehicle and discharge the debt.

16.   Rather than inform Plaintiff to see an attorney in response to the question Plaintiff posed, Defendant chose to misinform and threaten Plaintiff in its attempt to collect on the debt.

### Summary

17.   All of the above-described collection actions and communications made to Plaintiff by Defendant and other collection employees employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692f, amongst others, and the FCCPA, including but not limited to Sections 559.72(7), (9), and (12), Fla. Stat.

18. During their collection communications, the debt collectors employed by Defendant repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692f, amongst others.

19. The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and FCCPA.

20. This series of attempted collection acts by Defendant and its employees pushed Plaintiff to consider bankruptcy as a way out of this debt.

21. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

22. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

### *Respondeat Superior Liability*

23. The acts and omissions of the debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

24. The acts and omissions by the debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

25.     By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant.

26.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and the FCCPA in their attempts to collect this debt from Plaintiff.

### TRIAL BY JURY

27.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. VII; FED. R. CIV. P. 38.

### CLAIMS FOR RELIEF

#### COUNT I
#### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
#### 15 U.S.C. § 1692 *et. seq.*

28.     Plaintiff incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

29.     The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et. seq.*, with respect to Plaintiff.

30.     Defendant knew Plaintiff had other potential options available rather than paying the debt.  And, if Defendant did not know Plaintiff had other options, it misrepresented that it knew Defendant did not have other options other than paying.

31.  By misrepresenting Plaintiff's only option was to pay the debt, Defendant engaged in conduct that the natural consequence of which was to abuse or oppress the Plaintiff in violation of § 1692d.

32.  By informing Plaintiff that she had no rights and that her only option was to pay, Plaintiff used false and deceptive means to collect the debt in violation of §§ 1692e(10) and 1692f.

33.  Further, Defendant failed to give Plaintiff the warnings required by § 1692e(11) during the communication.

34.  Additionally, Defendant impliedly asserted that it had the right to give legal advice and practice law in the State of Florida when it knew no such right existed in violation of § 1692f(3).

35.  As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) for Plaintiff; and

- for such other relief as this Court deems just and proper.

**COUNT II**
**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**Section 559.55 *et. seq.*, Fla. Stat.**

36.    Plaintiff incorporates by reference 1 – 27 of the paragraphs of this Complaint as though fully stated herein.

37.    The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FCCPA including, but not limited to violation of Section 559.72(7), (9), and (12), Fla. Stat.

38.    Defendant knew Plaintiff had other potential options available rather than paying the debt.  And, if Defendant did not know Plaintiff had other options, it misrepresented that it knew Defendant did not have other options other than paying.

39.    By willfully misrepresenting Plaintiff's only option was to pay the debt, Defendant engaged in conduct that could reasonably be expected to abuse the Plaintiff.

40.    Further, by informing Plaintiff that she had no rights and that her only option was to pay, Plaintiff impliedly asserted that it had the right to give legal advice and practice law in the State of Florida when it knew no such right existed.

41.    Defendant also asserted a right to collect the debt and failed to comply with the requirements of the FDCPA when it knew no such right to collect in violation thereof existed.

42.    As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

43.    Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.  Plaintiff

will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to Section 559.77 for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff's credit report; and

- for such other relief as this Court deems just and proper.

*Respectfully submitted,*

Dated: December 6, 2010

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
*Attorneys for Plaintiffs*

By: **s/ David W. Fineman**
David W. Fineman, Esq.
Fla. Bar No. 0040993
dfineman@DellutriLawGroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _Florida_ )
) ss
COUNTY OF _Charlotte_ )

Plaintiff, Amanda Patterson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Amanda Patterson

Subscribed and sworn to before me this _7th_ day of _December_ 20 _10_ by Amanda Patterson who:

☐ is personally known; or

☒ produced identification _Drivers License_ .

**JESSICA PRESTON**
Notary Public, State of Florida
My Comm. Expires Aug. 20, 2014
No. EE3977

Notary Public

(SEAL)

-9-

**EXHIBIT 1**

IN THE COUNTY COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA

CACV OF COLORADO, LLC
    Plaintiff

vs.

                               CASE NO. 08-2005-SC-06533

                                        05-2355P

                               DIVISION

AMANDA G PATTERSON
SSN: ■■■■■■■■
    Defendant
_____/

### FINAL JUDGMENT

**THIS CAUSE HAVING COME BEFORE THE COURT** on the Plaintiff's Motion For Final Judgment, and the Court being fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** that the Plaintiff, CACV OF COLORADO, LLC, shall recover from the Defendant, AMANDA G PATTERSON, the sum of $4,306.41, plus interest in the amount of $0.00, legal costs in the amount of $310.00, and attorney's fees in the amount of $430.64, for a **TOTAL OF $5,047.05**, all of which shall bear interest at the statutory rate of 7%, and for all of which let execution issue forthwith.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Defendant shall complete Florida Small Claims Form 7.343 (Fact Information Sheet) under oath and return it to Plaintiff's Counsel within 30 days from the date of this Final Judgment, unless the Final Judgment is satisfied or postjudgment discovery is stayed.

**JURISDICTION OF THIS CASE IS RETAINED** to enter further orders that are proper to enforce this judgment.

**PURSUANT TO F.S. 55.10,** the Defendant is hereby notified that the Plaintiff's physical address is: CACV OF COLORADO, LLC, 370 - 17th Street, Suite 5000, Denver, Colorado 80202. However, the Defendant is ordered to direct all efforts to satisfy this judgment first to Plaintiff's Counsel, then to the Plaintiff directly if Plaintiff's Counsel cannot be contacted.

**DONE AND ORDERED** in chambers at Punta Gorda, Charlotte County, Florida on the _____ day of _____ _____, 20___

                                                   _____
                                                 COUNTY Judge

cc.    Workman Law Office, P.A., 4237 Salisbury Road North, Suite 101, Jacksonville, Florida 32216
       AMANDA G PATTERSON, 2165 GREEN STREET, PORT CHARLOTTE, FLORIDA 33952



SUMMARY #29

**EXHIBIT 2**

# ELTMAN, ELTMAN & COOPER, P.C.

140 BROADWAY, 26TH FLOOR
NEW YORK, NY 10005
(212) 660-3100   Fax # (212) 660-3101

August 2, 2010

AMANDA G PATTERSON
2149 GREEN ST
PORT CHARLOTTE FL 33952-4031

RE:     MERRIMAN INVESTMENTS, LLC
VS: AMANDA G PATTERSON
CASE NO: 08-2005-SC-0235-SP
EGC FILE NO: ███4743
ORIGINAL CREDITOR: HOUSEHOLD BANK
ORIGINAL ACCOUNT NO: ███████5615
BALANCE: 6867.72

Dear Mr./Ms. PATTERSON:

You are the Judgment Debtor in the above matter. Under Florida law, our client may execute on a judgment by way of a levy on a vehicle(s) owned by you. We have identified a vehicle you may own:

**Vehicle Description:**
Make: CHEVROLET
Model: IMPALA LS
Year: 2002
VIN no: 2G1WH55K629323156

Florida state law permits judgment holders to instruct the sheriff to seize certain property of judgment debtors, including automobiles and trucks.

Our records indicate that our client's judgment against you remains unpaid. We do not practice law in Florida but we will refer your account to our counsel licensed in Florida. You are urged to make arrangements to pay this judgment within ten (10) days of the date of this letter or our client will have us refer your account to local counsel located in your state for them to issue a writ of execution to the sheriff to seize your vehicle in accordance with the applicable law.

We urge you to avoid this by calling us as soon as possible to discuss an alternate way of paying your judgment. We can be called at (877) 439-8800. Our staff is available between 8:30 a.m. and 7:00 p.m., Monday thru Thursday and until 4:30 p.m. on Fridays to discuss this matter.

Be advised that our office can accept payment via electronic funds transfer from your checking account, Visa, MasterCard, Discover Card, and Western Union. Please call us now, toll free at (877) 439-8800.

Cordially yours,

ELTMAN, ELTMAN & COOPER, P.C.

This firm is a debt collector. We are attempting to collect a debt and any
information obtained will be used for that purpose.

**SMALL CLAIMS COURT**
**RECORD OF AGREEMENT**

05-235-SP

CASE NUMBER 05 000235-SP

THE MATTER OF _CACU of Colorado_ VS. _Amanda M Patterson_.

WAS HEARD THIS _19_ DAY OF _May_, 200 _5_,

BEFORE _David R. Orr_, Mediator, the parties have agreed to the following:

Amanda M Patterson has agreed to
Judgement of $4926⁴¹. She will be
filing for bankruptcy.

Should the defendant fail to abide by the terms of this agreement, the plaintiff is entitled to a default judgement in the amount originally sued upon, less any amount paid, upon written notice to the defendant and presentation of an affidavit to the clerk.

**THIS AGREEMENT CONSTITUTES FULL SETTLEMENT OF ALL CLAIMS IN THIS MATTER.**

NOTE: In the event that full payment is made, the plaintiff must contact the Small Claims Clerk to sign a voluntary dismissal.

_Dale Workman_ by phone
Plaintiff

_David R Orr_
Mediator

_Amanda Patterson_
Defendant

**DONE AND ORDERED** this _19_ day of _May_, 200 _5_

County Court Judge

Original/Court File; Yellow/Mediation File; Pink/Plaintiff; Gold/Defendant

05-000235-SP
05/19/05 13:51:27
Filed date
*C220545 8*